**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DARWIN JAVIER ARGUETA AGUILERA,
ARLIN IVAN ARGUETA AGUILERA, and
MILTON RENE SORTO ARGUETA,

Petitioners,

v. CIVIL ACTION NO. 3:26-0608

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General,
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Petitioners challenge their current civil immigration detention without an individualized custody determination and request immediate release. Am. Pet. ¶¶ 2–4, 20-23, ECF No. 11. Petitioners were arrested on the morning of October 1, 2026, within the interior of the United States, in or around Institute, West Virginia, near exit 50 following a traffic stop. 1st Resp. at 8, ECF No. 7-1; 2nd Resp. at 5, ECF No. 8. They were then transported to the ICE processing facility

in Poca, West Virginia. Am. Pet. ¶ 17. At some point, Petitioners **Arlin Ivan Argueta Aguilera** and **Milton Rene Sorto Argueta** allegedly "elected to take voluntary departure." 2nd Resp. at 5 n.6. This Petition was initially entered around 1:54 PM on the same day. Pet., ECF No. 1.

Respondents argue that Petitioners **Arlin Ivan Argueta Aguilera** and **Milton Rene Sorto Argueta** are subject to continued detention pending departure under 8 C.F.R. § 240.25(b), due to their voluntary departure agreements. Respondents also argue that if these Petitioners revoked their voluntary departure agreements, they would be subject to discretionary detention under 8 U.S.C. § 1226(a). In either case, no evidence has been proffered that these Petitioners have received an individualized custody determination. As such, the Court finds that this case does not present factual or legal issues that would support a different outcome or analysis than the Court's prior rulings. *See, e.g.*, *Uulu v. Aldridge*, No. 3:26-073, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026); *Simanca Gonzalez v. Aldridge*, No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026).

Moreover, both Judge Goodwin and Judge Berger have issued orders in similar cases, wherein Respondents' concession that the respective petitioners were detained under § 1226(a), instead of 8 U.S.C. § 1225, did not impact their analysis of the petitioners' entitlement to due process. *See Sanchez Martinez v. Mason*, No. 2:26-cv-110 (S.D. W. Va. Feb. 23, 2026) (Goodwin, J.); *Tinajero Rodriguez v. Mason*, No. 2:26-cv-122 (S.D. W. Va. Feb. 24, 2026) (Berger, J.). The Court concurs with their analysis here.

As in prior cases, the Court also does not address nor make any ruling upon the validity or invalidity of the voluntary departure agreements signed by Petitioners **Arlin Ivan Argueta Aguilera** and **Milton Rene Sorto Argueta**. *See, e.g.*, *Rosas Magala v. Venturella*, No. 3:26-cv-0538, 2026 WL 2600984 (S.D.W. Va. Sept. 2, 2026). Even if the Court did find that these

agreements were valid, Respondents acknowledge that these Petitioners may "revoke" their voluntary departure agreements. 1st Resp. at 2.

In *Tinajero Rodriguez*, Judge Berger similarly acknowledged that "the Petitioner could withdraw the voluntary departure form" and likewise found "the voluntary departure to be of little relevance to the legality of the Petitioner's detention." *Tinajero Rodriguez*, No. 2:26-cv-122 at 3 n.4. The Court also concurs with her analysis here.

As for Petitioner **Darwin Javier Argueta Aguilera**, Respondents acknowledge the Court's prior decision in *Centeno Pastrana v. Venturella*, No. 3:26-0486, 2026 WL 2283605 (S.D.W. Va. Aug. 7, 2026). and indicate that a hearing on the matter is not necessary insofar as the Court grants the same relief to this Petitioner as in *Centeno Pastrana*. 2nd Resp. at 2.[1]

Thus, the Court finds that Respondents' detention of Petitioners without an individualized custody determination is unlawful under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. The Court also finds Petitioners' release is the appropriate remedy. This Court's prior opinions are adopted and form the basis for this brief opinion. *See, e.g.*, *Uulu*, 2026 WL 401200; *Simanca Gonzalez* 2026 WL 313476; *Centeno Pastrana*, 2026 WL 2283605. The Court's analysis of the Immigration and Nationality Act and entitlement to due process within it has not changed.

For the foregoing reasons, the Court **GRANTED** Petitioners' Amended Petition, ECF No. 11, and **DENIED** Respondents' Motions to Dismiss, ECF Nos. 7-1 and 8. *See* Order, ECF No. 15.

[1] The Court **GRANTS** Respondents' Motion to Exceed Page Limit. ECF No. 7. The Court did not explicitly address this Motion in its prior Order for the sake of expediency. *See* ECF No. 15. Regardless, the Court **DENIED** Respondents' Second Response and Motion to Dismiss, ECF No. 7-1, in that same Order. *See id.*

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 8, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE